Turley, J.
delivered the opinion of the court.
This bill of complainant alledges, that the complainant, R. L. Weakley, together with Benjamin Ferguson as security, executed his bill single, for the sum of two hundred dollars, to Joseph Watkins; that there was no consideration paid for it, but that it was executed as a wager upon the pending election for the presidency between Martin Van Burén and Wm. H. Harrison, that it was won by Joseph Watkins, who has obtained judgment thereon against Benjamin Ferguson, which he is about to enforce by execution, and prays that he be enjoined from further proceeding upon the judgment, and that the bill single be delivered up and canceled.
To this bill there was a demurrer, which was overruled by the Chancellor,'and upon answer, the matter was decreed for the complainant, from which there is an appeal to this court.
The question presented for consideration is, whether, under the circumstances of this case, a Court of Chancery can upon legitimate principles grant the relief sought. And we are of the opinion it cannot.
It is true that a Court of Chancery, upon the principle of quia timet will order said instruments to be delivered up and canceled. But this is when the complainant has been imposed upon, and executed an instrument void, for fraud, accident, mistake or other cause, which renders it iniquitous and unjust that it should be enforced against him, and when in the execution of it, he has himself been guilty of no violation of law or good morals. But this principle has never been held applicable to instruments knowingly executed in violation of good morals, or express prohibition either by common or statute law. For instance, no Court of Chancery will entertain a bill to cancel an obligation, the consideration of which was a violation of chastity, compoundinga felony, the smuggling of goods in violation of the revenue laws, gaming, false swearing, &c., and this for very obvious reasons. The complainant shall not be permitted to charge himself with crime, and obtain relief out of it; and because public policy requires that the execution of all such contracts shall be discouraged; which cannot be more *358 effectually done, than by repelling all action upon them in courts of justice.
In contracts of the kind now under consideration, we have held, that they are inoperative and void, as contrary to good morals and positive enactment, and that as such, they are not fit subjects for the action of a court; it is true that in all the cases we have heretofore had, the attempt has been to enforce them; but we can see no difference in the position of the winner and loser, so far as to their right in becoming active movers upon such contracts in the courts; the one seeking to enforce them by the judgment of a court of law, the other seeking by the aid of a Court of Chancery to have them delivered up and canceled; they are equally repelled upon reason and authority.
If, therefore, a defendant in such cases will not by plea repel the plaintiff in a court of law, but permits judgment to be rendered against him, he must pay it; for there is nothing upon which he can move the conscience of a Chancellor in his favor.
The decree is, therefore, reversed, and the bill dismissed.